UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

---

ROMAN KEVILLY,

           Petitioner,

v.                                            Civil Action No.
                                                  9:09-CV-270 (GLS)

SUSAN A. CONNELL, Superintendent,
 Oneida Correctional Facility,

           Respondent.

---

APPEARANCES:

FOR PETITIONER

ROMAN KEVILLY, 97-A-0654
Oneida Correctional Facility
6100 School Road
Rome, New York, 13440

FOR RESPONDENT

HON. ANDREW M. CUOMO         THOMAS B. LITSKY, ESQ.
Office of the Attorney General     Ass't Attorney General
120 Broadway
New York, New York 10271

GARY L. SHARPE,
UNITED STATES DISTRICT JUDGE

## **ORDER**

On March 6, 2009, Petitioner filed a petition for a writ of habeas

corpus pursuant to 28 U.S.C. § 2254.  *See* Dkt. No. 1. In an Order dated

March 30, 2009, the Court ordered the respondent to file and serve an answer and memorandum of law to the petition limited to addressing the issue of whether Petitioner's claims have been exhausted within the meaning of 28 U.S.C. § 2254 (b), and to provide the records relevant to addressing the limited issue of exhaustion. *See* Dkt. No. 4. Respondent filed the required response, a memorandum of law and state court records on May 29, 2009.  Dkt. Nos. 5-6. Petitioner filed a Traverse on June 15, 2009.  Dkt. No. 7.

Presently before the Court is Petitioner's Motion for a Declaratory Judgment pursuant to Rule 57 of the Federal Rules of Civil Procedure. Dkt. No. 8. When an alternative remedy has been expressly created by statute to provide the relief sought, a declaratory judgment should not be granted. *Katzenbach v. McClung*, 379 U.S. 294, 296 (1964) (declaratory relief "should not be granted where a special statutory proceeding has been provided").  The relief petitioner seeks - restoration of good time credits and immediate release from custody (Dkt. No. 1 at 7) - falls "squarely within [the] traditional scope of habeas corpus." *Preiser v. Rodriguez*, 411 U.S. 475, 487-88 (1973)("even if restoration of respondents' good-time credits had merely shortened the length of their

confinement, rather than required immediate discharge from that confinement, their suits would still have been within the core of habeas corpus in attacking the very duration of their physical confinement itself. It is beyond doubt, then, that the respondents could have sought and obtained fully effective relief through federal habeas corpus proceedings."). If the writ of habeas corpus is available, "declaratory relief will not be used to attack a criminal conviction [.]" *Venetucci v. Department of State*, No. 05-CV-2174, 2005 WL 1521190, at *4 (E.D.N.Y. June 21, 2005) (citing Wright & Miller, Federal Practice and Procedure, § 2758 (1998)). The rule precluding declaratory relief in habeas cases is "necessary to prevent prisoners from circumventing the elaborate procedural requirements that apply to habeas cases." *Id.* (citing *Wilkinson v. Dotson*, 544 U.S. 74, 78 (2005) (reaffirming that a state prisoner may not use an action pursuant to 42 U.S.C. § 1983 to challenge "the fact or duration of his confinement" and may only seek redress by means of a writ of habeas corpus) (citing *Preiser*, 411 U.S. at 489)); *Siao-Pao v. Connolly*, 564 F. Supp. 2d 232, 240 (S.D.N.Y. Jun. 25, 2008)("an action for a declaratory judgment may not be used as a vehicle for circumventing the prerequisites for issuance of a writ of habeas

corpus.")(quoting *Goodwin v. Hammock*, 502 F. Supp. 756, 759 (S.D.N.Y.1981)).

Declaratory relief is not available to Petitioner because he has an available alternative remedy expressly provided by the federal habeas statute and he has actually has taken advantage of that alternative remedy by filing the currently pending habeas action.

**WHEREFORE**, it is

**ORDERED**, that Petitioner's Motion for a Declaratory Judgment (Dkt. No. 8) is **DENIED** and **DISMISSED WITH PREJUDICE**; and it is

**ORDERED**, that the Clerk of the Court serve a copy of this Order on Petitioner and Respondent in accordance with the Local Rules.

**IT IS SO ORDERED**.

September 1, 2009

_____
United States District Court Judge