UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

---

ROMAN KEVILLY,

              Petitioner,
 v.                                          Civil Action No.
                                             9:09-CV-270 (GLS)
SUSAN A. CONNELL, Superintendent,
 Oneida Correctional Facility,

              Respondent.

---

APPEARANCES:

FOR PETITIONER

ROMAN KEVILLY, 97-A-0654
Oneida Correctional Facility
6100 School Road
Rome, New York, 13440

FOR RESPONDENT

HON. ANDREW M. CUOMO          THOMAS B. LITSKY, ESQ.
Office of the Attorney General       Ass't Attorney General
120 Broadway
New York, New York 10271

GARY L. SHARPE,
UNITED STATES DISTRICT JUDGE

**ORDER**

**I.    Introduction**

Petitioner Roman Kevilly is a New York State prison inmate as a result of a 1996 conviction in Nassau County Court of first degree robbery and second degree kidnapping.  He seeks a writ of habeas corpus pursuant to 28 U.S.C. § 2254 in which he challenges a determination made by the Oneida Correctional Facility's Time Allowance Committee ("TAC") on or about February 14, 2008, to withhold six years of good time credits.  *See* Dkt. No. 1 at 2-7.

Upon review of the petition, it appeared that Petitioner's direct appeal was still pending in state court and, accordingly, Petitioner had not properly exhausted his claims in state court. In an Order dated March 30, 2009, the Court directed Respondent to file a response to the petition, limited to whether Petitioner properly exhausted his claims. Dkt. No. 4 at 4-7. On May 29, 2009, Respondent submitted the required response and relevant state court records. For the reasons set forth below, the petition is **dismissed without prejudice**.

**II.   Facts**

According to the record, the TAC required Petitioner to appear before it on February 8, 2008. At the hearing, the TAC recommended that

six years of good time credits be withheld because Petitioner failed to successfully complete the Aggression Replacement Training program ("ART"). *See* Dkt. No. 1, Ex. C. The Superintendent confirmed the TAC's recommendation on February 28, 2008, and the decision was affirmed by the Commissioner's designee on March 3, 2008. *Id.*[1]

    Petitioner filed a state *pro se* petition for a writ on habeas corpus in Oneida County Supreme Court dated July 23, 2008. *See* Dkt. No. 1, Ex. A. Petitioner alleged that he was denied due process and equal protection because the TAC recommended that his good time credits be withheld without conducting a hearing, and without bringing any charges of misconduct against him. *Id.* at 2-4. Petitioner also stated that his failure to complete the ART program should not have resulted in the loss of good time credits because (1) participation in the program violated

---

[1] On June 30, 2008, Petitioner filed a federal petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 in this Court in which he challenged the same loss of good time credits at issue in this case. *See Kevilly v. Connell*, No. 08-CV-682, Dkt. No. 1 (Hurd, J.). In an Order dated July 15, 2008, Petitioner was directed to file an amended petition in which he presented information demonstrating that he had properly exhausted his claims in state court. *See* Dkt. No. 3. In a letter motion dated July 22, 2008, Petitioner admitted that he had not exhausted his claim in state court. He requested either a stay of his petition or a dismissal without prejudice so that he could exhaust his claims in state court. *See* Dkt. No. 4. In an Order dated July 29, 2008, Petitioner's request for a stay was denied because his petition was not a "mixed" petition containing both exhausted and unexhausted claims, and his motion to dismiss the petition without prejudice was granted. *See* Dkt. No. 5.

Petitioner's right against self-incrimination under the Fifth Amendment, and (2) the ART program was optional, not court-mandated. *Id.* at 5-6.

The respondent answered the petition and argued that the TAC's decision to withhold good time credits was made in accordance with the law, and that under Correction Law § 803(1)(a), good time credits could properly be withheld based upon an inmate's failure to complete assigned programs. Resp't. Mem. at 6. Petitioner filed a Reply. *See* Dkt. No. 1, Ex. A; Dkt. No. 7, Ex. A.

Petitioner's *pro se* habeas corpus petition was apparently converted into an Article 78 proceeding. *See* Dkt. No. 1, Ex. B. In an Order dated October 7, 2008, the Oneida County Supreme Court denied the petition. *Id.*

Petitioner filed a Notice of Appeal in the Appellate Division, Fourth Department, dated October 15, 2008. *Id.* In an Order dated December 23, 2008, the Fourth Department granted Petitioner's motion to "proceed as a poor person," and ordered the Clerk of Oneida County to provide him with a stenographic copy of the minutes upon which the appeal is based. *Id.*

By letter dated February 3, 2009, Principal Appellate Court Attorney

Lawrence X. Dalton, of the Fourth Department, returned Petitioner's appellate briefs to him. *See* Dkt. No 7, Ex. B. Petitioner was advised in the letter that to perfect his appeal, he must "file the original stipulated or settled record, 10 copies of a brief and proof of service of one copy of the record and brief." *Id.* (citing N.Y. COMP. CODES R. & REGS tit. 22, §1000.3(c)(2)).[2]

In a letter dated February 8, 2009, Petitioner wrote to the Respondent and enclosed a copy of a stipulation of the record. Dkt. No. 5, Ex. 1. Petitioner asked that the Respondent sign the stipulation and return it to him. *Id.*

In a letter dated February 12, 2009, Assistant Solicitor General Robert M. Goldfarb acknowledged receipt of Petitioner's February 8, 2009 letter and stipulation. Dkt. No. 5, Ex. 2. Goldfarb informed Petitioner that in order for him to stipulate to the record on appeal, he needed Petitioner to provide him with a "complete copy of the proposed record that [he] can review for completeness." *Id.*

On February 14, 2009, Petitioner sent to the Fourth Department "copies of the Settled Record, i.e., (Notice of Entry), and proof of service

---

[2]   The Rules of the Appellate Division, Fourth Department, are codified N.Y. COMP. CODES R. & REGS. tit. 22, § 1000.1 *et seq*.

dated January 29, 2009., and 10 copies of Appellants Brief, (One Original, and 9 copies as directed by your office letter dated February 3, 2009." Dkt. No. 7, Ex. C.

By letter dated February 19, 2009, Principal Appellate Court Attorney Dalton again returned Petitioner's briefs to him. Dkt. No. 5, Ex. 3; Dkt. No. 7, Ex. D. Petitioner was informed that to perfect his appeal, he must "file the original stipulated or settled record, 10 copies of a brief and proof of service of one copy of the record and brief." *Id.* Petitioner was advised to refer to Rules 1000.3 and 1000.4 to assist him in compiling the record. *Id.*

To date, Petitioner has not perfected his appeal.

### III. DISCUSSION

An application for a writ of habeas corpus may not be granted until a petitioner has exhausted all remedies available in state court unless there is an "absence of available State corrective process" or "circumstances exist that render such process ineffective to protect the rights of the applicant." 28 U.S.C. § 2254 (b). This statute "embodies the long-established principle that a state prisoner seeking federal habeas review of his conviction ordinarily must first exhaust available state

remedies." *Daye v. Att'y Gen. of State of N. Y.,* 696 F.2d 186, 190 (2d Cir. 1982) (en banc) (citations and footnote omitted).  See *Jimenez v. Walker*, 458 F.3d 130, 148-49 (2d Cir. 2006) (the exhaustion requirement "'is principally designed to protect the state courts' role in the enforcement of federal law and prevent disruption of state judicial proceedings . . . .")(quoting *Rose v. Lundy,* 455 U.S. 509, 518 (1982)), *cert. denied*, 549 U.S. 1133 (2007).

    To satisfy the exhaustion requirement, a petitioner must do so both procedurally and substantively.  Procedural exhaustion requires that a petitioner raise all claims in state court prior to raising them in a habeas corpus petition. Substantive exhaustion requires that a petitioner "fairly present" any constitutional claims to the highest state court in the same factual and legal context in which it appears in the habeas petition. *Baldwin v. Reese*, 541 U.S. 27, 29 (2004); *Dorsey v. Kelly*, 112 F.3d 50, 52 (2d Cir. 1997) (quoting *Picard v. Connor*, 404 U.S. 270, 275 (1971)); *Daye,* 696 F.2d at 191.  The requirement that the state courts be given a reasonable opportunity to pass on the federal habeas claim is satisfied if the legal basis of the claim made in state court was the "substantial equivalent" of that of the habeas claim. *Picard*, 404 U.S. at 278; *Daye*,

696 F.2d at 189-90.  Finally, the petitioner must have used the proper procedural vehicle so that the state court may pass on the merits of petitioner's claims. *Dean v. Smith*, 753 F.2d 239, 241 (2d Cir. 1985); *Barton v. Fillion*, No. 03-CV-1377, 2007 WL 3008167, at *5 (N.D.N.Y. Oct. 10, 2007)(Hurd, J., adopting Report-Rec. of DiBianco, M.J.).

In this case, the exhaustion requirement has not been met because there is nothing in the record before this Court to indicate that Petitioner has perfected his appeal of the denial of his Article 78 petition in the Appellate Division. Nonetheless, the Court must consider whether there is an absence of available State corrective process (e.g., where there is no further state proceeding for a petitioner to pursue) or whether circumstances exist that render that state court process ineffective to protect Petitioner's rights (e.g. where further pursuit would be futile). 28 U.S.C. § 2254(b)(1)(B)(i), (ii); *Lurie v. Wittner*, 228 F.3d 113, 124 (2d Cir. 2000), *cert. denied* 532 U.S. 943 (2001).[3]

---

[3] Under the Anti-Terrorism and Effective Death Penalty Act of 1996 ("AEDPA"), in certain circumstances, federal courts have discretion to review and deny on the merits any unexhausted claims that are "plainly meritless" (*Rhines v. Weber*, 544 U.S. 269, 277 (2005)) or "patently frivolous." *McFadden v. Senkowski*, 421 F. Supp. 2d 619, 621 (W.D.N.Y. 2006); *Wheeler v. Phillips*, No. 05-CV-4399, 2006 WL 2357973 at *5 (E.D.N.Y. Aug. 15, 2006); 28 U.S.C. § 2254(b)(2). Stated another way, unexhausted claims may be reviewed on the merits *only* if the habeas court is going to deny the entire petition. 28 U.S.C. § 2254(b)(2).

Petitioner argues that any further action in the state courts would be futile because: (1) the attorney general's office has refused to settle the record in this case; (2) the Appellate Division, Fourth Department, refuses to docket the case as a perfected appeal even though he sent the required copies of the appellate briefs and a Notice of Entry which "settled the record by original order"; (Dkt. No. 1, at 3 ¶ 13; Dkt. No. 7 at 5, ¶ 20); and (3) since the October 9, 2008 Order denying his petition is "incomplete in its findings, failing to address the petition of habeas corpus," it is unappealable. Dkt. No. 1 at 4, ¶ 14.

There is no evidence in the record before this Court that the New York Attorney General's Office or the state court Appellate Division have acted in a manner that would deny Petitioner access to the courts or thwart his efforts to appeal.  In order to properly perfect a civil appeal in which poor person relief has been granted, in addition to filing the required appellate briefs and the complete record on appeal, an appellant must file an "original stipulation to the record executed by all parties or their attorneys or the original order of settlement[.]" N.Y. COMP. CODES R. & REGS. tit. 22, § 1000.3(c)(2).  Pursuant to section 1004.4(a)(1), parties may either stipulate to the correctness of the contents of the complete

record, or, if the parties are unable to agree and stipulate, "the contents of the record[4] must be settled by the court from which the appeal is taken" and it is the obligation of the appellant to "make the application to settle the record."  *Id.* at § 1000.4 (a)(1)(i), (ii).

Petitioner forwarded a proposed copy of a stipulation to the respondent in the state court action, but he did not also provide the respondent with a complete copy of the record.  *See* Dkt. No. 5, Exs. 1-2. Respondent indicated that he needed a complete copy of the proposed record in order to stipulate to it, and would promptly review the record once Petitioner forwarded him a copy.  *Id.* at Ex. 2. Petitioner did not do so.

Petitioner is correct that he may submit to the Appellate Division either a stipulation to the record or an original order of settlement of the record.  *See* Dkt. No. 7 at 5.  However, his argument that a Notice of Entry of the judgment against him was sufficient to qualify as an original order of settlement is erroneous.  As noted above, pursuant to section 1004 (a)(1)(ii), if the parties cannot agree to stipulate to the contents of the record, the appellant must apply to the court from which the appeal

---

[4] Section 1000.4 (a)(2) lists the documents that comprise a "complete record on appeal."  N.Y. COMP. CODES R. & REGS. tit. 22, § 1000.4(a)(2).

was taken and ask the court to settle the record.  N.Y. COMP. CODES R. & REGS. tit. 22 § 1004 (a)(1)(ii).  Petitioner did not do so in this case.

Finally, Petitioner's argument that the October 9, 2008 Order of the Oneida County Supreme Court denying his petition is incomplete because it failed to address the petition of habeas corpus and it is therefore unappealable, is without merit. *See* Dkt. No. 1 at 4, ¶ 14. In Petitioner's state court petition for a writ of habeas corpus, he challenged the TAC's decision to withhold good time credit and sought restoration of those credits.  *See* Dkt. No. 1, Ex. A. Under New York law, the proper way to challenge the loss of good time credits is the commencement of an Article 78 proceeding and exhaustion of that proceeding in the state courts.  *See Van Gorder v. Boucaud*, No. 08-CV-442, 2008 WL 2858678, *1 (N.D.N.Y. Jul. 22, 2008) (citing *Scales v. New York State Div. of Parole*, 396 F. Supp. 2d 423, 428 (S.D.N.Y. 2005)).  If a petitioner files an Article 70 petition for a writ of habeas corpus challenging the loss of good time credit, a state court has discretion to convert the petition into an Article 78 proceeding.  *See Zaire v. West*, No. 04-CV-6217L, 2008 WL 4852677, *3 n. 3 (W.D.N.Y. Nov. 6, 2008) (citing *People ex rel. Hawkins v. Scully*, 151 A.D.2d 527, 528 (2d Dept. 1989)); N.Y. C.P.L.R. § 103(c)

("a civil judicial proceeding shall not be dismissed solely because it is not brought in the proper form, but the court shall make whatever order is required for its proper prosecution. If the court finds it appropriate in the interests of justice, it may convert a motion into a special proceeding[.]"). A prisoner's incarceration is not considered unlawful, thus qualifying for state habeas corpus relief, "unless and until the withheld good time is restored, which can only be obtained through Article 78.  Only if release is denied after restoration of good time through an Article 78 proceeding will an Article 70 proceeding lie." *Perry v. Woods*, No. CV-07-0341, 2007 WL 2973585, *3 (E.D.N.Y. Oct. 9, 2007) (collecting state court cases). Thus, the state court's apparent conversion of Petitioner's habeas petition into an Article 78 proceeding was not procedurally erroneous under New York law.[5]

In light of the foregoing, Petitioner failed to submit the required documents necessary to properly perfect his appeal.  The Appellate Division's requirement that the correct documents be submitted in order for the appeal to be perfected does not constitute a denial of access to

---

[5] The Court makes no determination regarding the correctness of the state court's decision to deny Petitioner's claims, and also makes no determination of the merits of the claims raised by Petitioner in his pending habeas petition.

the courts. That is especially so in light of the fact that the Appellate Division referred Petitioner to the sections of the law that governed how to properly perfect the appeal and how to compile the record. *See* Dkt. No. 5, Ex. 3; Dkt. No. 7, Exs. B, D.

Furthermore, it would not be futile for Petitioner to return to state court to perfect his appeal. Under New York law,

> A civil appeal, except an appeal taken pursuant to the Family Court Act in which this court has assigned counsel, shall be deemed abandoned and dismissed, without the necessity of an order or motion, when an appellant has failed to perfect an appeal within nine months of service of the notice to appeal.

N.Y. COMP. CODES R. & REGS tit. 22, § 1000.12(b). *See* Dkt. No. 6, Resp't Mem. at 11. Petitioner filed a Notice of Appeal on October 15, 2008. Dkt. No. 1, Ex. B. Since Petitioner's appeal has not been perfected, it may have been deemed abandoned under section 1000.12(b) on or about July 15, 2009.[6]

However, section 1000.12 also provides that an appellant may file a

---

[6] Petitioner submitted a letter to the Court dated August 27, 2009, in which he asks that the Court take notice that, by operation of law, his appeal is no longer pending because nine months have elapsed. *See* Dkt. No. 9 (citing N.Y. COMP. CODES R. & REGS. tit. 22, § 1000.12(b)). Petitioner has provided no evidence to support that assertion. Petitioner further asserts that his appellate brief was stamped "filed", and attorney Dalton thus interfered with the appellate process. *Id.* A review of the first page of the appellate brief reveals that it was stamped "received" by the Appellate Division on February 2, 2009, and it appears to be stamped "filed" on February 19, 2009 - the same date upon which Petitioner's briefs were returned to him because he had not properly perfected the appeal . *Id.*

"motion to vacate such an abandonment and dismissal" pursuant to 1000.13(g), which provides:

> When an appeal has been dismissed pursuant to section 1000.12(b) of this Part or an order of this court, a motion to vacate the dismissal may be made *within one year of the date of the dismissal.* In support of the motion, the appellant shall submit an affidavit demonstrating a reasonable excuse for the delay and an intent to perfect the appeal within a reasonable time and setting forth sufficient facts to demonstrate a meritorious appeal.

N.Y. COMP. CODES R. & REGS. tit. 22, § 1000.13 (g) (emphasis added). The Court recognizes that the Appellate Division ultimately might determine that Petitioner's delay in perfecting his appeal, and his corresponding conduct, constitute abandonment, leading to dismissal of the appeal, and that the Appellate Division might not vacate any finding of abandonment upon motion by Petitioner under section 1000.13 (g). Nevertheless, this state court process should be pursued before this Court can find that Petitioner has exhausted available state court remedies.

Under these circumstances it might be argued that the petition should be stayed while Petitioner returns to state court. *See Rhines v. Weber*, 544 U.S. 269, 277 (2005)(stating that when a district court is presented with a "mixed petition" containing both exhausted and

unexhausted claims, the court may dismiss the petition without prejudice or retain jurisdiction over the petition and stay further proceedings pending exhaustion of state remedies); *Zarvela v. Artuz*, 254 F.3d 374 (2d Cir. 2001) (district courts have authority to stay a "mixed" petition while state court remedies of unexhausted claims are pursued).  Here, however, there are no exhausted claims in the petition, thus distinguishing this case from *Rhines* and *Zarvela*. This Court also agrees that federal courts should not

> be turned into a "jurisdictional parking lot" for unexhausted claims. *Baity v. McCary*, No. 02 Civ. 1817, 2002 WL 31433293, at *2 (S.D.N.Y. Oct. 31, 2002) (internal citations omitted). Such a holding would undermine the spirit of the Supreme Court's holdings in both *Coleman* and *Duncan*, which encourage habeas petitioners to exhaust their claims before coming to federal court. *Id.* at *1.

*Hust v. Costello*, 329 F. Supp. 2d 377, 380 (E.D.N.Y. 2004).

Additionally, the timeliness of any subsequent habeas petition under the AEDPA appears not to be a concern in this case.  Under the AEDPA, federal habeas petitions challenging a judgment of a state court are subject to a one-year statute of limitations.  The one-year period generally begins to run from the date on which the state criminal conviction, or, in this case, the challenged state court decision affirming

the withholding of good time credits, became final by the conclusion of direct review or by the expiration of the time to seek direct review.[7]  *See* 28 U.S.C. § 2244(d)(1)(A).  Petitioner's ability to pursue his appeal in the Appellate Division remains viable, and thus direct review of Petitioner's claims in the state courts has not yet concluded.  Thus, the one-year statute of limitations during which to file a habeas petition would not appear to have begun to run. *Foster v. Spitzer*, No. 07-CV-0103, 2007 WL 1531904, at *2 (N.D.N.Y. Mar. 5, 2007)(Kahn, J)(citing *Rhines*, 544 U.S. at 276-78 and *Zarvela,* 254 F.3d at 378)("[b]ased upon the information set forth [in his petition], it appears that Petitioner will have ample opportunity to timely file a § 2254 habeas Petition setting forth his claims once he has exhausted his State court remedies.").[8]

Moreover, if Petitioner's claims in the Appellate Division are unsuccessful, a subsequent habeas petition should not run afoul of the

---

[7]  Other dates from which the limitations period may start to run are (1) the date on which an unconstitutional, state-created impediment to filing a habeas petition is removed, (2) the date on which the Supreme Court initially recognizes the constitutional right on which the petitioner bases his habeas application if the right is newly recognized and made retroactively applicable, and (3) the date on which the factual predicate for the claim or claims presented could have been discovered through the exercise of due diligence (newly discovered evidence).  *See* 28 U.S.C.§ 2244(d)(1)(B), (C), and (D).

[8]  To avoid any problems with the statute of limitations, Petitioner should file any renewed § 2254 habeas petition promptly after the final disposition of his direct appeal in state court.

"second or successive petition" limitations because this petition is being dismissed for failure to exhaust and not on the merits. *Burton v. Stewart*, 549 U.S. 147, 155 (2007) (citing *Slack v. McDaniel*, 529 U.S. 473, 478 [(2000)] ("[A] habeas petition which is filed after an initial petition was dismissed *without adjudication on the merits* for failure to exhaust state remedies is not a 'second or successive' petition" as that term is understood in the habeas corpus context. (emphasis added)). *See also Gandarilla v. Artuz*, 322 F.3d 182, 185-876 (2d Cir.2003) (citing *Slack* ) and *Bell v. Murray*, 340 F. Supp. 2d 323, 328 (W.D.N.Y. 2004).

**WHEREFORE**, based upon the foregoing, it is hereby

**ORDERED**, that the Petition (Dkt. No. 1) be **DISMISSED WITHOUT PREJUDICE** for failure to exhaust available state court remedies, and it is

**ORDERED**, that the Court makes no determination regarding the merits of any of the claims raised in the petition; and it is

**ORDERED**, that no certificate of appealability shall issue; and it is

**ORDERED**, that the Clerk of the Court serve a copy of this decision and order upon Petitioner and Respondent in accordance with the Local Rules.

Dated: August 31, 2009

                                               _/s/ Gary L. Sharpe_
                                               United States District Court Judge